| | | | |
|---|---|---|---|
| PERRY ALLEN AUSTIN, | § | | |
| | § | | |
| Petitioner, | § | | |
| | § | | |
| -VS | § | NO. | MC04-206 |
| | § | | |
| DOUG DRETKE, Director, Texas Department of Criminal Justice, Institutional Division, | § § § | | H-04-2387 |
| | § | | |
| Respondent. | § | | |

**MOTION FOR EVIDENTIARY HEARING
AND BRIEFING REGARDING EXHAUSTION AND ABATEMENT**

Petitioner, Perry Austin, respectfully submits this motion for an evidentiary hearing and briefing regarding exhaustion. As will be discussed below, Mr. Austin's claims entitle him to an evidentiary hearing. This Court must first give him the opportunity to exhaust his claims in the courts of the State of Texas, however, before the Court's determination of the necessity of a hearing can be properly made. The appropriate way to allow Mr. Austin to exhaust his claims in state court is to abate these proceedings while he litigates an untimely application in the Texas courts.

I.  **This Court Must First Permit Mr. Austin to Exhaust His Claims Prior to Determining His Entitlement to a Hearing.**

The claims and facts in the petition that have not been presented to the state court may still be considered under Tex. Code Crim. Proc. art. 11.071 §4A (Untimely filing). As such this Court must allow him the opportunity to seek review in the state court before conducting a hearing and adjudicating his claims.

A.  **Federal limitations on evidentiary hearings**

An evidentiary hearing in a habeas proceeding is necessary to resolve factual disputes as limited by 28 U.S.C. § 2254(e)(2). *See Brown v. Johnson*, 224 F.3d 461, 466 (5th Cir. 2000); *Valdez v. Johnson*, 274 F.3d 941, 951 n.17 (5th Cir. 2001). §2254(e)(2) states:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless. .[1]

The threshold for entitlement to an evidentiary hearing in 2254(e) is clearly that a petitioner must not have "failed to develop" the factual basis of the claim. A petitioner can only be found to have "failed to develop" the factual basis of his claim under 28 U.S.C. § 2254(e)(2), however, if the absence of factual development in state court was the result of an "omission, fault, or negligence." *See (Michael) Williams v. Taylor*, 529 U.S. 420, 431 (2000); *McDonald v. Johnson*, 139 F.3d 1056, 1059 (5th Cir. 1997).

Because Mr. Austin's first habeas petition has not been presented to the state court, §2254(b)(1)(A)'s requirement of exhaustion also applies. §2254(b)(1)(A) prohibits a federal court from granting relief on a claim if the petitioner has not "exhausted the remedies available in courts of the State."[2] Certainly a bar on the Court's power to grant relief will likely guide the Court's discretion in holding a hearing.

Although there are legitimate reasons why claims in Mr. Austin's petition have not been presented, it is clear that several of Mr. Austin's have not been exhausted. Also, numerous facts included in the petition have not been developed in the state court. Thus it appears that an evidentiary hearing on the merits of Mr. Austin's claims is currently foreclosed. Fortunately, there remains an available state court remedy for Mr. Austin's previously unexhausted claims

---

[1] A hearing is still not foreclosed if a petitioner (1) relies on a new rule of constitutional law made retroactive, or (2) the factual predicate of the claim could not have been discovered through the exercise of due diligence and (3) the facts underlying the claim would be sufficient to establish the petitioner would not have been found guilty. *See* 28 U.S.C. § 2254(e)(2)(A)&(B).

[2] Exceptions to this bar include an absence of available corrective state process or circumstances exist that render the state process ineffective. *See* 28 U.S.C. §2254(b)(2)(B)(i)&(ii).

through the Texas Code of Criminal Procedure art. 11.071§ 4A's allowance for successive habeas applications.

### B. The application of Tex. Code Crim. Proc. art 11.071§4A to Mr. Austin's claims

Tex. Code Crim. Proc. art 11.071§4A controls the treatment of a first habeas application that is filed untimely and suggests dismissal of the application unless good cause is shown:

> (1) the current claims and issues have not been and could not have been presented previously in a timely initial application . . . ;
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror would have found the applicant guilty beyond a reasonable doubt; or
>
> (3) by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury [at punishment] . . .

*Id.* The circumstances of Mr. Austin's untimely filing meet the requirement of good cause as set forth in art. 11.071 §4A.

Specifically, Mr. Austin has been incompetent and incapable of pursuing any of his appellate remedies during the period in which the habeas time clock ran. It was only after the expiry of time for filing initial habeas that counsel was appointed to represent him in habeas proceedings for the first time. In fact, appointed counsel, the district Attorney's office and the trial court proceeded on the understanding that Mr. Austin's habeas time clock had not begun to run until counsel was appointed. To the surprise of all involved, on May 26, 2004 the Court of Criminal Appeals issued an order to the effect that Mr. Austin's time clock had begun to run almost eighteen months earlier, when, as a death row volunteer, he had waived the appointment of counsel. This was a matter of first impression in state law and the Court of Criminal Appeal's interpretation of Article 11.071 caught the parties off guard.

In April 2003 the Court of Criminal Appeals *sua sponte* reviewed the record in Mr. Austin's case for fundamental error and affirmed his conviction, exhausting claims of fundamental error. However, Mr. Austin has not had a habeas brief filed on his behalf and has numerous unexhausted claims, including compelling evidence of his incompetence and the involuntary nature of his waiver of counsel and plea of guilty.

      **C.**    **Because "it is not entirely clear" Mr. Austin's unexhausted claims would be barred if raised in an untimely state habeas application, this Court must allow him to exhaust his state court remedies.**

The Fifth Circuit discussed the issue of what a federal court should do when faced with potentially meritorious claims raised for the first time in a habeas application. In *Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir. 2001) the federal district court was presented with a claim that the trial court's exclusion of a third parties confession violated his right to due process citing *Chambers v. Mississippi*, 410 U.S. 289 (1973) (mechanistic application of evidentiary rules may violate due process). On appeal from the district court's grant of relief, the Fifth Circuit held that the *Chambers* claim had not been presented to the Texas Courts and therefore the federal district court should not have granted the writ. *Id.* at 262. The Court noted, however, that Wilder may meet the Texas standard for filing a successive application in state court because the admission of the third party confession could establish, "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt." *Id.* (citing Tex. Code Crim. Proc. art. 11.07§4(a)(2) which is identical to art. 11.071 §5(a)(2)). Deciding to allow Wilder to exhaust his claim, the Fifth Circuit explained, "because it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of the *Chambers* claim, Texas courts should make that determination." *Id.* at 262-263.

Even if this Court is not convinced that Mr. Austin's unexhausted claims of constitutional error will be considered in an untimely application to the state court, so long as it is possible that one of the unexhausted claims will be heard, it is inappropriate for the court to rule on any of Mr.

4

Austin's claim until he has exhausted his state court. *See id.* at 263 n.2 (mixed petitions are usually dismissed so that they can be considered when fully exhausted).

### D. This Court should abate Mr. Reed's habeas proceeding while he exhausts his state court remedies

Although the weight of current circuit authority recommends the dismissal of habeas petitions when exhaustion of claims is required, *see Wilder,* 274 F.3d at 263 n.2, recent developments in the law warrant a different approach. As will be explained below, the best course of action for this Court is to abate Mr. Austin's habeas proceeding while he litigates a successive application in the Texas courts.

The United States Supreme Court in *Duncan v. Walker,* 533 U.S. 167 (2001), created difficulty in the application of the practice of dismissing a federal habeas petition in order to allow petitioner's to exhaust state court remedies. In *Duncan,* the Court held that the pendency of a federal habeas petition did not toll the AEDPA's statute of limitations. *See id.* at 181-182. This holding creates problems for a petitioner, like Mr. Austin, who's statute expires on june 30, 2004, long before it will be determined whether he will be permitted to file an untimely petition. Under *Duncan,* if such a petitioner's proceeding is dismissed for purposes of exhaustion, the re-filing of an exhausted petition would be untimely. Justices Stevens and Souter noted in their concurrence the problem that the dismissal of a mixed petition would cause in light of the statute of limitations. *See Duncan,* 533 U.S. at 182-184. Justices Stevens and Souter recommended the practice of retaining jurisdiction of a federal habeas petition while a petitioner seeks relief in the state court. *See id.*[3] Alternatively, they suggested equitable tolling could be applied to an

---

[3] This practice was made even more difficult in light of the Texas Court's refusal to consider state habeas applications while federal habeas proceedings were pending. *See Ex Parte Green,* 548 S.W.2d 514, 516 (Tex. Crim. App. 1977) ("A petitioner must decide which forum he will proceed in, because this Court will not, and a trial court in this State should not, consider a petitioner's application so long as the federal courts retain jurisdiction of the same matter."); *Ex Parte Skinner,* No. 20, 203-04 (Tex. Crim. App. 2001) (dismissing state habeas application on grounds of "habeas abstention" when federal court abated proceedings to allow exhaustion); *but see Ex Parte Soffar,* 2003 WL 22682475 (Tex. Crim. App. November 12, 2003)

untimely petition as a means to ensure that a petitioner may exhaust claims and not lose the right to federal review. *See id.* The district court cases cited *supra* employed equitable tolling, but there has been no ruling from the Fifth Circuit upholding the application of equitable tolling in these circumstances.

The Texas Court of Criminal Appeals very recently published a *per curiam* order in *Ex parte Soffar,* 2004 Tex. Crim. App. LEXIS 200 (Tex. Crim. App. Feb. 11, 2004) (We now modify the Powers doctrine to permit consideration of a subsequent state writ, not otherwise barred by Article 11.071 § 5, if the federal court with jurisdiction over a parallel writ enters an order staying its proceedings to allow the habeas applicant to pursue his unexhausted claims in Texas state court.)

In *Soffar*, a death sentenced habeas petitioner with an appeal pending in the Fifth Circuit Court of Appeals filed a successive application for a writ of habeas corpus in the Texas courts raising a claim that he is mentally retarded and that new evidence demonstrates his innocence. Recognizing that its application of the "two forum rule" in these circumstances may cause peril to federal habeas petitioners who's statute of limitations has expired while a petition is pending, the Texas Court of Criminal Appeals engaged in a learned discussion of the doctrine of exhaustion, the United States Supreme Court's decision in *Duncan*, and the suggested remedy of abating federal proceedings. *Id.* at *2. The Court then ordered briefing from the parties on the issue of whether the Court's policy of abstention should be modified to allow consideration of a successive habeas applications filed while parallel federal habeas proceedings are stayed pending exhaustion. *See id.* at *3.

The underlying theme of the concurring opinion in *Duncan*, and the actions of the Courts in *Wilder, Blair, Rousseau,* and *Washington,* is that a federal court should not rush to find a procedural default in claims not previously presented to the state courts. Unless "it is entirely clear" that the unexhausted claims raised in the federal habeas petition will not be considered in a successive application to state court, the federal courts must allow a petitioner an opportunity to exhaust his state court remedies. *See Wilder*, 274 F.3d at 262-263. Furthermore, as shown in the

6

cases cited *supra*, measures should be taken to protect a petitioner's right to return to federal court after pursuing his state remedies. *See Duncan*, 533 U.S. at 184 ("I concur in the Court's holding on the understanding that it does not foreclose either of the above safeguards against the potential for injustice [abatement or equitable tolling] that a literal reading of § 2244(d)(2) might otherwise produce.").

This is a new and unique situation in which the Court of Criminal Appeals has announced a new rule to deal with a matter of first impression. The analogy between an untimely writ and a successive petition is apposite for present purposes – in each case the applicant may not have exhausted and in each case a failure to pursue federal relief would prove fatal to the applicant's rights.

In light of the Texas Court of Criminal Appeals' order in *Soffar*, Mr Austin respectfully suggests that this Court allow him to exhaust his claims in the state court and abate these proceedings while he litigates an untimely application. If the Texas Court of Criminal Appeals decides in *Soffar* to continue its application of the "two forum rule," the option of dismissal with equitable tolling is still available. In light of the absence of any Fifth Circuit authority for the application of equitable tolling to a dismissal for the purpose of the exhaustion of state court remedies, abatement is the best procedure to allow for the exhaustion of Mr. Austin's claims and protect his right to seek relief in this forum.

## II.    A hearing is appropriate if this Court has questions as to facts necessary to determine procedural issues in the case

An evidentiary hearing is not limited to the merits of a habeas petitioner's claims. It is well accepted that a federal court has discretion to conduct an evidentiary hearing in order to determine facts relevant to procedural issues in a case. For example, in *Schlup v. Delo*, 513 U.S. 298, 312 (1995) the United States Supreme Court reversed and remanded the case to the district court based on the petitioner's argument that new evidence of innocence met the "miscarriage of justice" exception to procedural default. The court clearly anticipated a hearing on the procedural issues explaining its remand in light of the "fact-intensive nature of the inquiry,

together with the District Court's ability to take testimony from the few key witnesses if it deems that course advisable." *Id*; *see also* 1 RANDY HERTZ AND JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE §20.1c (listing cases in which hearing granted to resolve procedural issues).

To the extent that this Court requires additional facts to determine whether Mr. Austin's claims will meet Texas' statutory restrictions on the filing of successive applications, it is within this Court's discretion to conduct an evidentiary hearing. Such a hearing would be focused on whether good cause exists for the untimely filing. Tex. Code Crim. App. art.11.071§4A.

### III. Conclusion

Exhaustion of Mr. Austin's new claims is a prerequisite for an evidentiary hearing in federal court because this Court lacks the authority to grant habeas relief on unexhausted claims. *See* 28 U.S.C. §2254(b)(1)(A). Only after Mr. Austin's habeas claims are presented to the Texas Courts and decided, will the record be complete to even frame a discussion of why Mr. Austin's claims are entitled to a hearing in federal court. As such, Mr Austin respectfully requests that this Court allow him to exhaust his claims without prejudicing his right to seek federal review. In light of the United State Supreme Court's holding in *Duncan* discussed *supra*, the best way to accomplish the task is to abate these proceedings while Mr. Reed diligently pursues habeas relief in the Texas Courts.

Respectfully submitted,

*/s/ Dick Wheelan*

Dick Wheelan
Texas Bar No.
R. E. WHEELAN
440 Louisiana Street, Suite 900
Houston, Texas 77002
TEL (713) 225-1300
Counsel for Perry Allen Austin

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June 2004, I served a true and correct copy of

the foregoing pleading by depositing it in U.S. First Class Mail for delivery on opposing counsel:

Assistant Attorney General
United States Attorney's Office
910 Travis, St 1500
Houston, TX 77002
713/567-9000

_____

FILED
2004 JUN 21 PM 5:5_
U.S. COURTS
SOUTHERN DISTRICT
OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RODNEY REED,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| -VS- | § | CAUSE NO. A-02-CA-142 JN |
| | § | |
| **DOUGLAS DRETKE, Director, Texas Department of Criminal Justice, Institutional Division,** | § § § | |
| | § | |
| Respondent. | § | |

**ORDER ABATING HABEAS PROCEEDING**

Petitioner Perry Austin has raised claims in this federal habeas proceeding that have not previously been presented to the Texas courts. This Court may not grant habeas relief to claims which have not been exhausted. Therefore, Petitioner is ordered to exhaust his state court remedies by litigating his untimely filed application for a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art 11.071§4A. It is ordered that this federal habeas proceeding be held in abatement while Petitioner diligently pursues his state court remedies.

Signed this _____ day of _____, _____.

_____