**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | | |
|---|---|---|---|
| **PERRY ALLEN AUSTIN,** | § | | |
| | § | | |
| **Petitioner,** | § | | |
| | § | | |
| **-VS** | § | **NO.** | **04-CV-2387** |
| | § | | |
| **NATHANIEL QUATERMAN, Director,** | § | | |
| **Texas Department of Criminal Justice,** | § | | |
| **Institutional Division,** | § | | |
| | § | | |
| **Respondent.** | § | | |

**MOTION TO QUASH SUBPOENA**

Petitioner, Perry Allen Austin, moves pursuant to the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Rule 45, Fed. R. Civ. P. 45 to quash the subpoena *duces tecum* improperly issued to Warden Massey, Polunsky Unit, without notice to opposing counsel and beyond the discovery power granted by Rule 45.

**Overview**

1)      Three months ago counsel for Respondent issued a subpoena causing a system to be put in place to copy Petitioner's personal correspondence and provide it to the Attorney General.  Contrary to the Rules, the subpoena was issued before any discovery was authorized by the court and counsel did not make prior service on counsel for Petitioner or file any certificate of service.  In addition to being issued contrary to the rules, the subpoena ordered the production and disclosure of irrelevant and personal material as a direct result of petitioner seeking habeas relief and so constitutes both an overbroad discovery request and an act of retaliation.  While counsel for Respondent represents that

the subpoena has since been orally withdrawn, this court should protect Petitioner and the process of this court by issuing an order quashing the subpoena and have it served on Warden Massey, the subject of the subpoena.

**Factual Background**

2)      On February 5, 2007, Georgette Oden, Assistant Attorney General and counsel for Respondent Quaterman, issued, under her own hand, a subpoena directed to Warden Massey, Polunsky Unit.[1]  See Exhibit 1, *Subpoena Duces Tecum to Warden Massey*

3)      The subpoena directed Warden Massey to produce directly to the office of the Attorney General[2] the following:

> Perry Allen Austin, TDCJ #999410.   Copies of all non-privileged incoming and outgoing correspondences, plus a copy of the front page of every publication he receives (newspaper, magazine, etc) including subscription label (i.e. if its on a plastic wrapper or the back side, we'll need a copy of front and back) please send us copies monthly.  Feb 28, March 30, April 30, may 31, June 29, July 31, Aug 31, Sept. 28, oct 31, Nov 30, and Dec. 31, 2007.

4)      Counsel for Petitioner was not served with a copy of the subpoena and no proof of service was filed or otherwise provided.

5)      Ordinarily, Polunsky Unit does not create copies of each prisoner's correspondence, as opposed to reviewing correspondence for contraband and improper content.[3]  More than a normal subpoena, the document served on Warden Massey compelled him to introduce a mechanism for creating documents that did not previously operate in respect of Petitioner and to do so on a prospective basis.

---

[1] Texas Death Row is located at Polunsky unit and this is where Petitioner is housed.
[2] The place for production was listed as P.O. Box 12548, Austin Texas 78711, the maining address of the Sttorney-General's office for the State of texas.
[3] Evidence to this effect was given by the former Polunsky mail room supervisor, Penny Richie in a May 2006 hearing in *Jefferey Williams v. Quaterman*, (H-04-2945, SDTX), [Doc 186-2].

6)      Warden Massey was served and in compliance with the subpoena has created copies of Petitioner's personal correspondence and supplied this material to counsel for Respondent.  Counsel for Respondent continues in possession of the material thus seized.  Counsel for Petitioner has not been provided with a copy of the material seized.

7)      Counsel for Respondent has represented to undersigned counsel that on April 20, 2007 her investigator spoke to staff at Polunsky Unit and verbally withdrew the subpoena.

8)      By letter dated April 26, 2007 counsel for Respondent noticed undersigned counsel that the subpoena had been issued, attaching a copy to the letter, and explained that the failure to serve counsel previously was the result of "an inadvertent oversight".  Exhibit 2, Letter from Oden to Bourke, 4/26/07.

9)      Counsel for Respondent has represented to counsel for petitioner that she has written to Warden Massey and directed him to provide the same material, the subject of the subpoena at issue, in her capacity as counsel for Respondent, rather than in exercise of the subpoena power.  The legitimacy of this action is dealt with in another motion.

**Conferencing Statement**

10)     On May 10, 2007 and in following days, undersigned counsel corresponded by email with counsel for Respondent who advised that the motion to quash the subpoena and other motions for relief were opposed save for the motion to freeze the briefing schedule in this case until these matters are submitted and ruled upon.

**The subpoena was issued in violation of Rule 45 and should be quashed**

11)     When an attorney exercises the privilege granted under Rule 45 to personally sign subpoenas, he or she acts as an officer of the court and assumes significant responsibility to act fully in compliance with that Rule.

12)     Rule 45(b)(1) states, "Prior notice of any commanded production of documents and

things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Rule 5(a) also provides that "every paper relating to discovery required to be served upon a party unless the court otherwise orders . . . shall be served upon each of the parties."

13) In violation of Rule 45, Respondent gave no "prior notice" of this subpoena and did not serve counsel for Petitioner until service was achieved by letter of April 27, 2007.  By that time the subpoena had been served on Warden Massey who had supplied Petitioner's personal correspondence to counsel for Respondent without Petitioner or his counsel being made aware of this court mandated seizure.  As a result, Petitioner was given no opportunity to object to the issuance of the subpoena or move to protect his interest in his personal correspondence.

14) The subpoena commanded delivery of the items seized from Petitioner directly to counsel for the Respondent and as a result neither this court, nor petitioner had any means of discovering the existence and operation of the subpoena.  Similarly, no proof of service was ever filed with the clerk as anticipated by Rule 45(b)(3).

15) Courts have routinely quashed subpoenas for non-compliance with Rule 45 and this is what should occur here. e.g. Murphy v. Bd. of Educ. of Rochester Sch. Dist., 196 F.R.D. 220, 222-223 (W.D.N.Y.2000); Florida Media Inc., v. World Publications, LLC, 236 F.R.D. 693, 694 (M.D. Fla. 2006);  U.S. v. Philip Morris Inc., 312 F.Supp.2d 27 (D.D.C. 2004)

**The scope and timing of the subpoena go beyond the bounds of proper discovery and the subpoena should be quashed**

16) The subpoena power under Rule 45 is a discovery device and subject to the scope and timing of discovery in the cause. In re Time, Inc., 1999 U.S. Dist. LEXIS 15858 (D. La.

1999); <u>Dreyer v. GACS Inc.</u>, 204 F.R.D. 120 (D. Ind. 2001)(citing cases); <u>Wantanabe Realty Corp. v. City of New York</u>, 159 Fed. Appx. 235, n.2 (2d Cir. 2005); Fed. R. Civ. P. 26(a)(5)(specifically identifying Rule 45 subpoenas as a mechanism for discovery)

17)   This is a habeas proceeding and neither side has access to the discovery mechanisms of the Code of Civil Procedure as of right.  Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts* states: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."[4]  See also Fed. R. Civ. P. 26(a)(1)(E)(iii)(exempting habeas proceedings from the discovery requirements of Rule 26(a)).

18)   In this cause Petitioner has filed application for writ of habeas corpus and Respondent has not yet filed an Answer.  That is, while the claims have been filed, the defense, if any, has not yet been disclosed.  As a result, this Court has not yet had an opportunity to pass on the relevant questions of fact in dispute in this cause or whether evidence by way of affidavit, depositions or evidentiary hearing will be appropriate or necessary.

19)   Respondent has made no application for leave to pursue discovery prior to filing an Answer and has not shown good cause for doing so.  This court has not authorized any pre-filing discovery.  The issuance of a subpoena in this habeas petition by counsel for Respondent was beyond the scope of permissible discovery in the proceeding.

20)   Even if discovery by subpoena had been ordered, the subject matter of the subpoena was

---

[4] Rule 6 is clearly intended to restrict the use and abuse of discovery in habeas proceedings and applies equally to both parties.  If counsel for Respondent was truly authorized to issue a subpoena before even filing an Answer on the merits, then Petitioner's across the country would have similar broad access to the subpoena power in habeas proceedings before a court has even passed upon which claims might be entitled to evidentiary development.  It is more likely that this prospect is why Rule 6 was written, rather than that this was what was intended in habeas

beyond the proper bounds of discovery as it calls for the production of material that is beyond that "relevant to the claim or defense of any party".  Cf. Rule 26(b)  There is no way in which Respondent could justify a blanket subpoena for all of Petitioner's personal correspondence in 2007 as being a reasonable means of obtaining documents relevant to a claim or defense in this cause.  The enormous breadth of this subpoena betrays its true purpose: it is a fishing expedition of exactly the type prohibited under the discovery rules.

21)     Further, the subpoena requires the production of documents that do not yet exist.  A Rule 45 subpoena is designed to require production of extant documents and may not be used to place a prospective obligation in respect of documents not yet in existence.

22)     By exercising his right to petition the federal courts for habeas relief petitioner has engaged in protected conduct.  Respondent has now directed Warden Massey to create copies of every single piece of non-privileged correspondence to and from Petitioner, directly impinging upon his privacy interests and seriously jeopardizing his vulnerable mental state.[5]   The only reason that Respondent has taken this adverse course is because of Petitioner's protected act in filing a petition for writ of habeas corpus.  Respondent's unwarranted intrusion into Petitioner's personal correspondence is a prohibited act of retaliation.

23)     A prisoner retains a legitimate expectation of privacy in his personal correspondence within the constraints and objectives of incarceration.  While security and administrative concerns impinge upon that expectation and the very punishment of incarceration itself

---

proceedings.
[5] The court will recall that Petitioner has been diagnosed with hypergraphia and his psychological balance is heavily entwined with his prolific correspondence.  See Statement of Dr. George Woods, Exhibit 95 to Habeas Petition.  By further burdening that correspondence with the unnecessary and unwarranted snooping of counsel for Respondent, Respondent has jeopardized petitioner's mental health.

contains as an element a loss of privacy, that loss is not absolute.  It is no part of any legitimate penological interest nor part of the intended punishment of a sentence of imprisonment that all of a prisoner's mail be copied and sent to a 3rd party, not involved in the management or execution of the sentence.  It is even less legitimate where this is done solely for the purpose of helping the jailer defeat the prisoner's law suit in which the prisoner claims to be unlawfully confined.

**Respondent has repeatedly violated the requirements of Rule 45 in at least one other case and the failure to comply with the Rules in this case should neither be regarded as inadvertent, nor excused.**

24)   While counsel for Respondent has stated that the failure to serve in this case was an inadvertent omission, a history of Respondent's identical conduct in another case in this District belies this claim.

25)   In *Jefferey Williams v. Quaterman*, (H-04-2945, SDTX), a federal habeas petition by a death sentenced state inmate, Respondent has been litigating this very issue for over a year.  Indeed counsel for Respondent is the same in both this case and the Williams case.

26)   A review of the pleadings in the *Williams* case,[6] discloses that counsel for Respondent issued literally dozens of subpoenas duces tecum in that case from July 2005 until March 2007 and consistently failed to serve counsel for Petitioner even after this failure was pointed out and was the subject of complaint, a motion to quash and a motion to withdraw.  Further, counsel for Respondent repeatedly represented that all secretly issued subpoenas had now been disclosed only to be forced to disclose further secret subpoenas that had been issued.  Finally, counsel for Respondent initially represented that she was unaware of the rule requiring service and then that she believed that it required service

---

[6] Particularly the chronology developed in Document 186, *Petitioner's Motion For Relief  Pursuant To Rule*

only on counsel for the target of the subpoena.  This latter misapprehension was cleared up Magistrate Judge Johnson at a hearing in May 2006.  Since at least that date counsel has been fully aware of the obligations imposed by Rule 45 and yet failed to comply with those obligations 9 months later in this case.

27)     It is no explanation in the face of the repeated violations of rule 45 in *Williams* and the repeated misrepresentations as to the absence of additional secret subpoenas to say that in February 2007 there was yet another "inadvertent oversight".  A fuller explanation is required.

28)     Whatever other relief may flow in these circumstances, it is respectfully submitted that the first thing to do is to regularize the process of this court by issuing an order quashing the subpoena and making it clear to all concerned that it is of no effect.

**Conclusion**

29)     In a clear violation of Rule 45, made against the backdrop of over a year of ongoing and identical violations of the Rule in another case, counsel for Respondent issued a subpoena without leave of the court to conduct discovery and without service on counsel for petitioner.  In issuing subpoenas counsel acts as an officer of the court and assumes a heavy responsibility to act with propriety and rectitude.  The improperly issued subpoena should be quashed, as other subpoenas have been in similar but far less egregious cases.

Respectfully submitted,


__/s/ Richard Bourke_____
_____

*60(B)(3) & (6) Of The Federal Rules Of Civil Procedure* and Document 187 in response.

Richard Bourke
Tx. Bar No. 24040553
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans  LA  70113
Tel. (504) 558 9867
Counsel for Perry Austin

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May 2007, I served a true and correct copy of the foregoing pleading by electronic mail from the clerk of court for delivery on opposing counsel:

Georgette Oden
Assistant Attorney General
Office of the Attorney General
PO Box 12548, Capitol Station
Austin, TX 78711-2548
512/936-1600

_____ /s/ Richard Bourke___ _____