IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERRY ALLEN AUSTIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2387 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## ORDER GRANTING PETITIONER'S MOTIONS TO QUASH SUBPOENA, PROVIDE COPIES OF CORRESPONDENCE, AND PROHIBIT COPYING AND DISTRIBUTION OF PETITIONER'S CORRESPONDENCE

Respondent Nathaniel Quarterman served a subpoena on the warden of the Polunsky Unit, where Petitioner Austin is incarcerated. The subpoena directed the warden to copy all of Austin's correspondence and provide those copies to Quarterman's counsel. Austin, a Texas death row inmate, now moves to quash the subpoena on the grounds that Quarterman never served his counsel with a copy of the subpoena and that Quarterman served the subpoena before this Court authorized any discovery. Austin also argues that the subpoena ordered production of irrelevant personal material and constitutes retaliation against him for seeking habeas corpus relief. Quarterman states that the subpoena has been orally withdrawn.

Rule 45(b)(1) of the Federal Rules of Civil Procedure requires that notice of any subpoena be served on the opposing party. Rule 6 of the Rules Governing Section 2254 Cases provides that no discovery may be taken without leave of the court.

Quarterman acknowledges that the subpoena was never served on Austin, and was served without court authorization for discovery. He nonetheless argues that this Court should not quash

the subpoena because it has been verbally withdrawn and is otherwise harmless.

Austin's reluctance to accept his adversary's assurances is understandable. This is especially so in light of the admission by Quarterman's counsel that she was previously admonished by a federal judge for failing to serve opposing counsel with copies of subpoenas, but forgot about the prior incident until it was brought to her attention.

Quarterman's actions violated both the Rules of Civil Procedure and the Rules Governing Section 2254 Cases. In light of a history of such violations, verbal assurances are insufficient.

Accordingly,

IT IS ORDERED that Petitioner's Motion to Quash (Docket Entry 46), Motion To Provide Copies of Correspondence (Docket Entry 47) and Motion Prohibiting Copying are **GRANTED**;

IT IS FURTHER ORDERED that all subpoenas issued in connection with this case are quashed; and

IT IS FURTHER ORDERED that Quarterman shall, within 10 days of the date of this Order, produce copies to Austin of all documents obtained by Quarterman in response to any subpoena issued in this case; and

IT IS FURTHER ORDERED THAT the warden of the Polunsky Unit shall cease copying and distributing Austin's correspondence, except as such copying and/or distribution is done in

accordance with established prison procedures.

SO ORDERED

**SIGNED** at Houston, Texas, on this 25th day of July, 2007.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE