**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | | |
|---|---|---|---|
| **PERRY ALLEN AUSTIN,** | § | | |
| | § | | |
| **Petitioner,** | § | | |
| | § | | |
| **-VS** | § | **NO.** | **04-CV-2387** |
| | § | | |
| **NATHANIEL QUATERMAN, Director,** | § | | |
| **Texas Department of Criminal Justice,** | § | | |
| **Institutional Division,** | § | | |
| | § | | |
| **Respondent.** | § | | |

_____

**MOTION FOR LEAVE TO ISSUE SUBPOENAS AND TO DEPOSE WITNESSES**

Comes now Petitioner, PERRY ALLEN AUSTIN, by and through his attorney of record, Richard Bourke, and pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases, *inter alia,* presents this his Motion for Leave to Issue Subpoenas and To Depose Witnesses.

**I.**

**Conferencing Statement**

Pursuant to Local Rule 7.1D counsel for Petitioner, Richard Bourke, conferred with counsel for Respondent, Jeremy Greenwell, on January 15, 2008, and Mr. Greenwell advised that the motion was opposed as to all requests for subpoenas or depositions..

**II.**

**Introduction**

On September 17, 2008, this Court instructed the parties to initiate discovery in this case. Rule 6(a) of the Rules Governing Section 2254 Cases permits a district court to grant discovery once a petitioner makes a "good cause" showing that information he intends to seek under the

federal rule could support his claims for relief.  Mr. Austin clearly has made a prima facie showing of his claims in his Petition. Notably, however, a petitioner does not have to demonstrate a prima facie case for relief in order to establish good cause. As the Supreme Court has indicated, discovery is precisely what is needed in many instances to make the prima facie case petitioners are entitled to develop once they present well-pleaded claims based on specific allegations. *See Bracy v. Gramley*, 520 U.S. 899, 905 (1997).

In *Bracy*, the United States Supreme Court unanimously reversed the lower courts' denial of discovery, even though the Court found Bracy's argument that discovery would support his theory for relief was admittedly "speculative" and "only a theory at this point."  *Id.* at 905, 908.[1] The Court noted, "difficulties of proof aside, there is no question that, if [the evidence sought] could be proved . . . in petitioner's own case [it] would violate the Due Process Clause of the Fourteenth Amendment." *Id.* at 905 (emphasis added).  The Court then simultaneously set out the straightforward framework for considering a petitioner's discovery requests.  A court should first determine whether the petitioner has alleged the elements of the claim he wishes to prove, then determine whether he has made "specific allegations" that support the particular discovery request.  If the petitioner has met these requirements establishing "good cause," the court should authorize discovery.  *Id.* at 908-09.  The Fifth Circuit has restated this holding:

> [W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is…

---

[1] *See also Calderon v. United States Dist. Ct.* 144 F.3d 618, 622 (9th Cir. 1998) (Rule 6(a)'s 'good cause' standard satisfied by showing that requested discovery would bolster constitutional claim and that claim is not "purely speculative or without any basis in the record"); *United States ex rel. Maxwell v. Gilmore*, 37 F. Supp. 2d 1078, 1095 (N.D. Ill. 1999) (discovery warranted where petitioner did "not rely on bare unfocused allegations"); *United States ex rel. Pecoraro v. Page*, 1998 WL 708856, at *2-*4 (granting motion to depose witness because "allowing petitioner to depose might lead to more facts," and because petitioner's "burden on discovery motion is only to convince the court that he might be able to demonstrate a ... violation [of *Brady*]  if the facts are fully developed").

entitled to relief, it is the duty of the courts to provide the necessary facilities and procedure for an adequate inquiry.

*Murphy v. Johnson*, 205 F.3d 809, 813-14 (5th Cir. 2000) (internal citation and punctuation omitted).  Mr. Austin meets both of the requirements of Habeas Rule 6(a) and is entitled to discovery as set forth below.

Mr. Austin's state court petition was denied without consideration of the merits on the basis of a newly announced Texas procedural rule.  The issues raised in his petition were not adequately developed at trial level due to Mr. Austin's mental incompetence, appointed counsel's ineffectiveness and, ultimately, the trial court's ruling that he could represent himself. As a result, Mr. Austin has never had the assistance of compulsory process in obtaining the evidence in the possession of others that supports his claims.

## II.

### Subpoenas requested in support of Mr. Austin's Claims

In support of the claims articulated in his Second Amended Petition, Mr. Austin requests leave to subpoena the following documents from the following institutions and individuals:

1. Mr. Austin requests authority to issue subpoenas duces tecum to the U.S. Military for his own U.S. military records, including disciplinary, medical and psychological records, pertaining to his service in the military from 1976-1977. As described in the Second Amended Petition for Writ of Habeas Corpus, counsel has already obtained those military records that were made available via a signed release from Petitioner; it is clear from these records that Mr. Austin was manifesting significant long-term mental problems while in the military that are relevant to his claims regarding competency. *See* Second Amended Petition, p. 15, 79 n. 145.  Counsel believes that the records obtained via a

2.  Mr. Austin requests authority to issue subpoenas duces tecum to the U.S. Military for records related to his sexual abuse by a G.I. housed at the Army Base in Foot Hood, Texas. This abuse, which took a significant toll on Mr. Austin's mental health, occurred in his early teens. *See* Second Amended Petition, pp. 13-14, 79, ftnt 145.   In order to properly document this abuse, Mr. Austin must obtain records related to the abuse, to the identity of the abuser, and to Mr. Austin's medical treatment for a subsequent suicide attempt at the army hospital.

3.  Mr. Austin requests authority to issue subpoenas duces tecum to the U.S. Military for his father William Austin's U.S. military records, including disciplinary, medical and psychological records, pertaining to his service in the military. Counsel has obtained those records available via a release but believes that the records obtained via a release were not complete, and thus requests authority to subpoena these records. Mr. Austin's father's military records are relevant to demonstrating Mr. Austin's competency and ineffective assistance of counsel claims. *See* Second Amended Petition, pp. 49-120.

4.  Mr. Austin requests authority to issue subpoenas duces tecum to the U.S. Citizenship and Immigration Services Department for his mother Harumi Austin's immigration records. Mr. Austin's mother's immigration records are relevant to demonstrating Mr. Austin's competency and ineffective assistance of counsel claims. *See* Second Amended Petition, pp. 49-120.

5.  Mr. Austin requests authority to issue subpoenas duces tecum to the Texas Department of Correctional Justice (TDCJ) for petitioner's correctional, medical and psychological records.  Those TDCJ records that were obtained from the state at the time of trial contain

a wealth of information regarding Mr. Austin's long-term mental health difficulties. *See* Second Amended Petition, pp. 18-32, 57-59. Petitioner has no way of knowing whether the records received from the state constitute the entirety of Mr. Austin's TDCJ records, and thus requests leave to subpoena all such records.

6. Mr. Austin requests authority to issue subpoenas duces tecum to the TDCJ for Mr. Austin's parole records, in relation to the period he spent on parole in 1991. It is expected that Mr. Austin's parole records, like his correctional records, will contain indications of his mental illness and corroborate aspects of his innocence claim.

7. Mr. Austin requests authority to issue subpoenas duces tecum to the TDCJ for records related to a violent incident involving petitioner. As reported in the Second Amended Petition, on September 30. 1997, Mr. Austin was sentenced to twenty years for his stabbing of another inmate. Affidavits from TDCJ inmates indicate that this incident took place in the context of long-standing, ongoing inter-inmate violence and that Mr. Austin's mental illness played an evident role in his actions; both these facts are relevant to Mr. Austin's competency claims. *See* Second Amended Petition, p. 26.

8. Mr. Austin requests authority to issue subpoenas duces tecum to the TDCJ for information related to his conditions of confinement, including investigations, complaints, placement and maintenance records. *See* Second Amended petition, pp. 120-126.

9. Mr. Austin requests authority to issue subpoenas duces tecum to the TDCJ for logs of Mr. Austin's mail and visits for relevant periods. This information will help document Mr. Austin's contact with his attorneys, mental health experts and others whose contact with Mr. Austin is relevant to his competency claims and claims of ineffectiveness of counsel.

*See* Second Amended petition, pp. 120-126.

10. Mr. Austin requests authority to issue subpoenas duces tecum to the TDCJ for the correctional records of John Maranto, the actual killer in this case.  These records are relevant to Mr. Austin's innocence claim. *See* Second Amended petition, pp. 164-170. Mr. Austin also requests authority to issue subpoenas duces tecum to the parole division of the TDCJ for records on John Maranto. *See* Second Amended petition, pp. 164-170.

11. Mr. Austin requests authority to issue subpoenas duces tecum to the TDCJ for information regarding the length of time any inmate has lived in TDCJ custody. This information is relevant to Petitioner's claim that his sentence was unconstitutional in light of the subsequent introduction of life without parole as an option for Texas capital juries. *See* Second Amended petition, p. 181, n. 202.

12. Mr. Austin requests authority to issue subpoenas duces tecum to Harris County Jail for all of Mr. Austin's correctional, medical and psychological records, as well as select mail and visitation logs related to Mr. Austin. Records for at least the following periods will be requested: September 1992 – May 5, 1994; March 25, 2001 – April 25, 2002; May 30, 2003 – June 5, 2003. Counsel for petitioner has been able to obtain some of these records via release, but believes that the records obtained via a release were not complete, and others were not available via a release. Petitioner thus requests authority to subpoena these records.

13. Mr. Austin requests authority to issue subpoena duces tecum to Dallas County jail for all of Mr. Austin's correctional, medical and psychological records, as well as select mail and visitation logs related to Mr. Austin. Records for at least the following periods will be requested: October 1978 –July 2, 1979.

14. Mr. Austin requests authority to issue subpoenas duces tecum to the court reporter for the 339th District Court of Harris County, Texas, for any transcripts, notes and tapes of court appearances in *State v. Perry Allen Austin* that occurred on the following dates: July 13, 2001, September 12, 2001, October 1, 2001, and January 25, 2002, as well as for the hearing the trial court described on October 11, 2001, as occurring "about 6 weeks ago." (RR. II-3)   Each of these court appearances were recorded in the clerk's record. It was apparently at these court appearances that the trial court initially considered petitioner's requests to waive counsel and noted its concerns regarding petitioner's competency. These court appearances are therefore particularly relevant to the procedural due process claim regarding the inadequacy of the procedures used to determine competency. *See* Second Amended Petition, pp. 49-94.

15. Mr. Austin requests authority to issue subpoenas duces tecum to the Attorney General of the State of Texas and the Harris County District Attorney's Office for any letters sent by Mr. Austin to those offices. Upon information and belief, Mr. Austin has sent letters to both these offices regarding his intentions to abandon and/or continue the legal proceedings in this case. These letters are relevant to Mr. Austin's competency claims. *See* Second Amended Petition, pp. 49-94.

### III.

### Depositions requested in support of Mr. Austin's Claims

In support of the claims articulated in his Second Amended Petition, Mr. Austin requests leave to depose the following individuals in order to perpetuate their testimony:

16. Mr. Austin requests leave to depose William Austin, his father.   William Austin is

Petitioner's father and his testimony is relevant to Petitioner's claims regarding Petitioner's long-standing mental illness. *See* Second Amended Petition, pp. 49-94. Counsel for Petitioner wishes to depose William Austin at this time due to William Austin's current significant medical difficulties.  Mr. Austin has been hospitalized with serious pulmonary complaints with increasing frequency over the last two years and there is a serious risk that if not deposed, his evidence may not be available to the Court should any evidentiary hearing be granted.

17. Mr. Austin requests leave to depose Rev. Ned Hicks, a minister with whom Mr. Austin has corresponded while incarcerated.  Rev. Ned Hicks's testimony is relevant to Petitioner's claims regarding competency. *See* Second Amended Petition, pp. 49-94. Counsel for Petitioner wishes to depose Rev. Ned Hicks at this time due to Rev. Ned Hicks's current significant medical difficulties.  Rev. Hicks is an elderly gentleman with a number of significant health problems and in recent years has had both legs amputated. There is a serious risk that if he is not deposed, his evidence may not be available to the Court should any evidentiary hearing be granted.

Respectfully submitted,


__/s/ Richard Bourke_____
Richard Bourke
Tx. Bar No. 24040553
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans  LA  70113
Tel. (504) 558 9867
Counsel for Perry Austin

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of January 2009, I served a true and correct copy of the foregoing pleading by electronic mail from the clerk of court for delivery on opposing counsel:

Jeremy Greenwell
Assistant Attorney General
Office of the Attorney General
PO Box 12548, Capitol Station
Austin, TX 78711-2548
512/936-1600

_____ */s/ Richard Bourke___* _____