IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERRY ALLEN AUSTIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-04-2387 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO ISSUE SUBPOENAS AND TO DEPOSE WITNESSES

Petitioner Perry Allen Austin, a Texas death row inmate, has filed a motion for leave to issue subpoenas and depose witnesses. Rule 6(a) of the Rules Governing Section 2254 cases authorizes a federal court to permit discovery in a habeas corpus case upon a showing of good cause.

The documents sought principally, though not exclusively, pertain to his claims that he was incompetent to stand trial and waive counsel, and received ineffective assistance of counsel. Much of the information sought by Austin is relevant to, and necessary to the development of, his claims. His motion is, however, extremely broad.

A.  Austin's Military records

Austin seeks leave to issue a subpoena for his own military records. He explains that these records will show that he suffered from mental illness while in the military, before commission of the crime for which he is now incarcerated. These records are plainly relevant to his competency claims.

B.  Records Relating To Sexual Abuse

Austin wishes to obtain records from the U.S. military pertaining to sexual abuse he allegedly suffered as a teenager living with his G.I. father at Fort Hood. Austin explains that sexual abuse is recognized as a contributing factor to long term major depression. Respondent contends that Austin has not established that such sexual abuse ever occurred. If it did not occur, then there will be no records responsive to the subpoena. Any such records that do exist, however, are relevant to Austin's claims.

C.  Military records Of Austin's Father

Austin claims that his father also suffers from mental illness and seeks his father's military records to support a family history of mental illness. These records are plainly relevant to his claims.

D.  Citizenship And Immigration Records

Austin seeks his Japanese-born mother's U.S. citizenship and immigration records. Austin explains that he has been unable to determine where his mother was born and these records will provide him with that information so that he can seek further information about her background. This request is too speculative and attenuated. Austin fails to demonstrate good cause for this request.

E.  TDCJ Records

Austin wishes to subpoena records of the Texas Department of Criminal Justice pertaining to his own incarceration, his previous parole, and a violent incident in which he was involved as an inmate in 1997. These records are relevant to Austin's mental health history and, therefore, to his claims.

F.      TDCJ Records Concerning Conditions Of Confinement

Austin also seeks records addressing the conditions under which he was held at TDCJ and the Harris County Jail. He claims that these conditions fell below Eighth Amendment standards and rendered several of his decisions involuntary. Austin's allegations regarding these issues are conclusory and the viability of this claim is highly questionable. This request is denied.

G.      TDCJ Mail and Visitation Logs

Austin seeks mail and visitation logs documenting his contact with attorneys and mental health professionals. This information is relevant to his claims.

H.      TDCJ Records Of John Maranto

Austin seeks the TDCJ records of John Maranto who, Austin claims, is the actual perpetrator of the crime for which Austin was convicted. Contrary to Austin's argument, a claim that he is actually innocent is not cognizable on federal habeas corpus review. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). This is so because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." *Id.* While evidence of actual innocence could be relevant to avoiding procedural bars to consideration of his claims, Austin's claim that he is actually innocent is wholly conclusory and speculative at this point. If Austin is concerned that some of his claims might be procedurally defaulted and has something stronger than mere speculation that

Maranto committed the murder, then he may renew this request. Until such time, Austin fails to demonstrate good cause for this request.

> I. TDCJ Records Regarding Length of Incarceration

Austin seeks TDCJ records "regarding the length of time any inmate has lived in TDCJ custody" in support of a claim that his death sentence is unconstitutional in light of a subsequent change in Texas law allowing for a sentence of life without parole for capital murder. The information sought, *i.e.*, how long other inmates have lived in custody, is not relevant.

> J. Jail records

Austin seeks correctional, medical, and psychological records, as well as mail and visitation logs from the Harris and Dallas County Jails. As discussed above with regard to the analogous TDCJ records, these records are clearly relevant to Austin's claims.

> K. Transcripts

Austin seeks transcripts from his underlying criminal case. These records should have been available to Austin for the preparation of his state habeas corpus application. They should also be available without subpoena from the county.

> L. Correspondence With The District Attorney And Attorney general

In his final subpoena request, Austin seeks letters that he sent to the Harris County District Attorney's Office and the Texas Attorney General's Office regarding his plans to abandon legal proceedings. These letters are relevant to his competency claims.

M.  Depositions

Austin also seeks the depositions of his father, and Rev. Ned Hicks. Austin states that he has corresponded with Rev. Hicks during his incarceration. Both of these witnesses are likely to possess information relevant to Austin's competency claims.

Accordingly,

IT IS ORDERED that Petitioner's Motion For Leave To Issue Subpoenas And To depose Witnesses (Docket Entry 63) is **GRANTED IN PART AND DENIED IN PART**;

IT IS FURTHER ORDERED that Austin may subpoena the documents identified in paragraphs 1-3, 5-7, 9, 12-13, and 15 of section II of his motion;

IT IS FURTHER ORDERED that Austin may not subpoena the documents identified in paragraphs 4, 8, 10-11, and 14 of section II of his motion; and

IT IS FURTHER ORDERED THAT Austin may take the depositions of William Austin and Rev. Ned Hicks.

SO ORDERED.

SIGNED and ENTERED this 27th day of April, 2009.

_____
Kenneth M. Hoyt
United States District Judge