IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PERRY ALLEN AUSTIN,** § | |
| § | |
| **Petitioner,** § | |
| § | |
| -VS § | NO.    04-CV-2387 |
| § | |
| **RICK THALER, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Institutional Division,** § | |
| § | |
| **Respondent.** § | |

### MOTION FOR EVIDENTIARY HEARING

Comes now Petitioner, PERRY ALLEN AUSTIN, by and through his attorney of record, Richard Bourke, and presents this Motion for Evidentiary Hearing.

### I.   Procedural History

On June 21, 2004, Petitioner timely filed his Petition for Writ of Habeas Corpus (Docket Entry 4) in this Court. On April 19, 2005, Respondent filed Respondent Dretke's Answer. With permission of this Court, Petitioner filed his Second Amended Petition for Writ of Habeas Corpus on November 28, 2006. On December 19, 2008, Respondent filed Respondent Quarterman's Answer with Brief in Support.

Pursuant to this court's scheduling order, Petitioner has timely filed his Response and this Motion for Evidentiary Hearing.

### II.   Conferencing Statement

Pursuant to Local Rule 7.1D counsel for Petitioner, Richard Bourke, conferred with counsel for Respondent, Jeremy Greenwell, on February 24, 2012, who advised that Respondent

1

did oppose the motion.

### III.  Petitioner is Entitled to an Evidentiary Hearing in this Case

*28 U.S.C § 2254(d)(1) and (2) deference and  Cullen v. Pinholster's limits on evidentiary hearings do not apply in this case*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes restrictions on whether an evidentiary hearing is permitted. Under both sections 28 U.S.C. § 2254(d)(1) and (2), when reviewing a petition for habeas corpus with respect to any claim that was "adjudicated on the merits in State court proceedings," the district court is generally limited to the record that was before the state court at the time. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011); *see also* 28 U.S.C. § 2254(d)(1),(2). When such deference applies, the federal district court has no basis upon which to grant an evidentiary hearing.

But the plain language of the statute limits the reach of 2254(d)'s limitation on relief to claims previously adjudicated on the merits in state court proceedings. *Fisher v. Texas*, 169 F.3d 295, 299-300 (5th Cir. 1999). 28 U.S.C. § 2254(d)(1) or (d)(2) deference do not apply in this case, therefore, as none of Petitioner's claims were adjudicated on the merits in state court.  *See, e.g., Maples v. Stegall*, 340 F.3d 433, 436-37 (6th Cir. 2003) (cause and prejudice established for failure to exhaust ineffective assistance of counsel claim in state court and the federal court held that "AEDPA does not apply" and the claim had to be reviewed "de novo").  Significantly, the state does not suggest that §2254(d) applies.

Petitioner filed a state post-conviction petition in the state court raising the first 24 claims[1] listed in his federal petition, and was procedurally defaulted based on a state procedural rule that had never been previously announced.  No merits consideration was ever undertaken

---

[1] A numbering error in the original petition at p.95 resulted in the last claim in the original petition being labeled as the 23rd claim.  This error was corrected in [30] *Amended Petition for Writ of Habeas Corpus* by labeling the previously included but unnumbered claim as Claim XXIV.

and no decision on the merits ever issued.  Respondent moved to dismiss Petitioner's claims in this court and that motion was denied on January 18, 2005 due to the novel nature of the state procedural rule.  [25] *Order Denying Motion to Dismiss*.

As a result, Claims I-XXIV are properly before the court with no state court merits adjudication. Therefore, § 2254(d)(1) and (2) deference, and the strictures of *Cullen v. Pinholster,* do not apply.

Petitioner sought and received leave to amend his petition to add 9 additional claims (25-33) and the proceeding was stayed to permit exhaustion of those claims in state court.  [37] December 1, 2005.  Petitioner filed his claim in state court and these claims were all sumnmarily dismissed by the Texas CCA on state procedural grounds. *Ex parte Perry Allen Austin*, WR-59,527-02 (April 5, 2006) (not designated for publication)("We have reviewed the application and find that it fails to meet the requirements of Texas Code of Criminal Procedure, Article 11.071, section 5, for consideration of subsequent grounds for relief.  This application is dismissed as an abuse of the writ.").  This court has not yet ruled on whether it will reach the merits of these claims or whether the state procedural bar prohibits federal review.

As a result, Claims XXV-XXIII are properly before the court with no state court merits adjudication. Therefore, § 2254(d)(1) and (2) deference, and the strictures of *Cullen v. Pinholster,* do not apply.

Claim XXXIV is a claim added with leave of the court on December 6, 2006, preserving the issue of competency to be executed (*See In Re: Davis*, 121 F.3d 952 (5th Cir. 1997)) but is not yet ripe and Petitioner simply reserves his right to seek an evidentiary hearing on that claim should it become ripe.

As a result, while all claims have been exhausted, there has been no state courts merits

adjudication on any of Petitioner's claims and §2254(d) presents no impediment to Petitioner's motion for an evidentiary hearing.

### *28 U.S.C. § 2254(e)(2)'s limitations on evidentiary hearings do not apply in this case*

28 U.S.C. § 2254(e)(2) provides limitations on the provision of an evidentiary hearing in federal habeas in cases where it is applicable. *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. Miss. 2011) (noting that § 2254(e)(2) "remains an important tool in cases where habeas petitioners raise a claim that was not "adjudicated on the merits in State court"—i.e., a claim to which § 2254(d) does not apply." (*citing Pinholster*, 131 S. Ct. at 1401)).

28 U.S.C. § 2254(e)(2) states as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on –
>  (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>  (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

The restrictions of 28 U.S.C. § 2254(e)(2) do not apply unless the applicant has failed to develop the factual basis of a claim in state court proceedings. The United States Supreme Court has interpreted the opening clause of (e)(2) and has held that "under the opening clause of 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counselor. . . Diligence. . .depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams v. Taylor*, 529 U.S. 420, 431, 435 (2000). *See also Holland v. Jackson*, 542 U.S. 649, 653 (2004)

(evidence that was not presented to state court "could have been the subject of an evidentiary hearing by the District Court, but only if respondent was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by 2254(e)(2) were met"); *Pierce v. Thaler*, 355 Fed. Appx. 784, 793 (5th Cir. Tex. 2009) ("A failure to establish a factual basis is not established, however, 'unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel.'")

Petitioner in this case clearly made a reasonable attempt to pursue all factual claims in state court. Petitioner alleged the claims in state court, attaching voluminous exhibits, but the CCA dismissed the claims as procedurally defaulted. Petitioner did not therefore, fail to diligently pursue his factual claims in state court; rather, he was prevented from developing those claims by the Court of Criminal Appeals. As a result, (e)(2) does not apply to petitioner. *See, e.g., Adams v. Quarterman*, 324 Fed. Appx. 340, 346-347 (5th Cir. Tex. 2009) (petitioner, whose claims were denied by state courts without an evidentiary hearing, had exercised due diligence in attempting to develop the factual record in state court and therefore a hearing is merited in federal court); *Morris v. Woodford*, 229 F.3d 775, 781 (9th cir.. 2000), cert. denied, 532 U.S. 1075 (2001) (same).

### *Petitioner meets the criteria of pre-AEDPA law*

Because 28 U.S.C. § 2254(e)(2) does not apply in this case, the determination of whether or not an evidentiary hearing is merited in this case is determined by pre-AEDPA law. In order to be entitled to a hearing under pre-AEDPA law, a number of criteria must be met. First, petitioner must meet one of the "*Townsend* factors," pursuant to *Townsend v. Sain*, 372 U.S. 293 (1963). In *Townsend,* the Supreme Court ruled that "the holding of a [federal] hearing is mandatory" in six situations, including "if the merits of the factual dispute were not resolved in the state hearing."

5

*Townsend*, 372 U.S. at 313. Given the fact that the petitioner's claims were procedurally defaulted in state court, the merits of the factual disputes were not resolved, and thus this *Townsend* factor applies.

Second, to be entitled to an evidentiary hearing, the petition must allege facts that, if proved, entitle the petitioner to relief. *See, e.g., Hill v. Lockhart*, 474 U.S. 52, 60 (1985); *Adams v. Quarterman*, 324 Fed. Appx. 340, 346 (5th Cir. Tex. 2009). Petitioner has done so in this case. *See Second Amended Petition; Response*. Notably it is not required that the petitioner "point to specific facts that he will establish that will entitle him to relief, but rather that his allegations would entitled him to relief and the hearing is likely to elicit the factual support for those allegations." *Teti v. Bender*, 507 F.3d 50, 62 (1st Cir. 2007). Conclusory allegations unsupported by specific facts are insufficient to require an evidentiary hearing.

Finally, in order for an evidentiary hearing to be required, there must be disputed material facts. *See, e.g., Bloodworth v. Hooper*, 539 F.2d 1382, 1384 (5th Cir. 1976) (where facts are undisputed, resolution of the question as to whether the identification of the defendant is independently reliable concerns only an application of law). As exposed in the Petition, Answer and Response, there are substantial disputes of material fact requiring resolution through an evidentiary hearing in this case.

Respectfully submitted,

  /s/ Richard Bourke              
Richard Bourke
Tx. Bar No. 24040553
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans  LA  70113
Tel. (504) 558 9867
Counsel for Perry Austin

## CERTIFICATE OF SERVICE

    I hereby certify that on the 5th day of March 2012, I served a true and correct copy of the foregoing pleading by electronic mail from the clerk of court for delivery on opposing counsel:

Jeremy Greenwell
Assistant Attorney General
Office of the Attorney General
PO Box 12548, Capitol Station
Austin, TX 78711-2548
512/936-1600

                                                 _____*/s/ Richard Bourke*_____