UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERRY ALLEN AUSTIN, | § | |
| | § | |
|     Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:04-CV-2387 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
|     Respondent. | § | |

**ORDER DENYING PETITIONER'S MOTION
TO AMEND MEMORANDUM AND ORDER**

On August 21, 2012, this Court entered a memorandum and order granting the respondent's motion for summary judgment and dismissing the petitioner's amended petition for a writ of habeas corpus. On September 18, 2012, petitioner filed a motion to amend the findings and judgment, for a new trial, and to alter or amend the judgment pursuant to Rules 52 and 59 of the Federal Rules of Civil procedure. For the following reasons, the motion is denied.

    A.    **Standard of Review**

Rule 52 (b) provides that a court may, pursuant to a timely motion, amend or make additional findings and amend a judgment accordingly. Rule 59(e) permits a party to move a court to alter or amend a judgment.

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)(internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law." *Id.* Similarly, the purpose of a Rule 52(b) motion "is to correct manifest errors

of law or fact or, in some limited situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir. 1986).

      B.      <u>**Review of the Pleadings and Motions**</u>

Austin first contends that, due to an administrative error, the Court must have missed Austin's response to the motion for summary judgment. He bases this argument on the fact that the Court addressed two claims he withdrew in that response, and what he describes as the Court's "failure to advert to any of the evidence, arguments, or even the existence of the Petitioner's Response . . .."

Austin's contention that the Court failed to acknowledge the evidence, arguments, or existence of the response is simply incorrect. The Memorandum and Order states in its opening paragraph that the analysis is based on the amended petition, the motion for summary judgment, "all the authorities and arguments submitted by counsel, and the entire record . . .." This introduction merely identified the two filings requesting relief, *i.e.,* the amended petition and the motion for summary judgment, and then noted what was considered in ruling on those documents.

Austin correctly notes that the Court addressed two claims that he withdrew in the response. Austin's amended petition and response to the motion for summary judgment contained numerous, often overlapping, claims. The withdrawal of the two claims, occurring on pages 136 and 153 of Austin's 196 page response, each consisted of a brief statement of withdrawal under a point heading that reasserted the claim. The claims were addressed in an effort to ensure that nothing in Austin's lengthy and complicated petition was overlooked, and to avoid any ambiguity that might arise from the reassertion of the claim in the point headings, followed by the withdrawal of the claims. Unfortunately, by failing to acknowledge the reasons

for addressing these claims, the memorandum and order created its own ambiguity and confusion. The Court regrets its lack of clarity on this point, but addressing these claims is not an indication that the response was not considered.

Austin submitted voluminous evidence in support of his petition. The memorandum and order refers to a few specific items, but makes only general acknowledgment of most of the evidence. This is because much of the evidence goes to the same subject–the state of Austin's mental health, which Austin submitted in support of claims that he was not competent to waive trial rights. The Court acknowledged that Austin presented evidence of mental illness, but concluded that he did not prove that he was incompetent to waive his rights. While mental illness is a necessary precondition to a finding of incompetence, it is not coextensive with incompetence. *See, e.g., Godinez v. Moran*, 509 U.S. 389, 391, 400 (1993). Based largely on the contemporaneous record of Austin's interactions with the trial court, as well as other relevant evidence, this Court concluded that Austin was competent, whether or not he was mentally ill. In sum, the Court was aware of, read, and considered Austin's response and the evidence attached thereto.

### C. Other Claims Of Error

The remainder of Austin's motion raises numerous claims of error. Austin cites no new evidence or change in controlling law. His motion is predicated on what he describes as manifest errors of law and fact.

The bulk of the motion consists of complaints that this Court improperly applied controlling legal standards, improperly made credibility determinations, was repeatedly misled by the respondent's arguments, and misunderstood Austin's arguments and evidence. The Court has reviewed Austin's motion, respondent's response in opposition, and Austin's reply, as well

as re-reading the original memorandum and order and re-reviewing relevant portions of the record. Based on this review, the Court concludes that Austin's argument do not merit relief.

What Austin characterizes as manifest error is, in fact, sharp disagreement over the Court's interpretation of controlling law, and the application of that law to the facts of this case as understood by the Court and supported by citations to the record. Austin, of course, has the right to raise these arguments on appeal, but he does not demonstrate manifest error. Accordingly, Austin's motion is denied.

### D.  Conclusion

For the foregoing reasons, it is ORDERED as follows:

1. Petitioner's motion to amend the findings and judgment, for a new trial, and to alter or amend the judgment (Doc. No. 101) is DENIED; and

2. No certificate of appealability shall issue.

SIGNED on this 8th day of July, 2013.

_____
Kenneth M. Hoyt
United States District Judge